T.C. Summary Opinion 2002-41


UNITED STATES TAX COURT


JENNIFER ANN ROGERS, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

WILLIAM R. LAUTENBERGER, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket Nos. 3890-01S, 5511-01S.      Filed April 18, 2002.


Jennifer Ann Rogers, pro se in docket No. 3890-01S.

William R. Lautenberger, pro se in docket No. 5511-01S.

Andrew R. Moore, for respondent.


WOLFE, Special Trial Judge:  These consolidated cases were heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petitions were filed.  The decisions to be entered are not reviewable by any other court, and this opinion should not be cited as authority.  Unless

otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined deficiencies in petitioners' 1998 Federal income taxes as follows:

| Docket No. | Amount |
| --- | --- |
| 3890-01S | $4,504 |
| 5511-01S | $3,430 |

After concessions by respondent,[1] the issues for decision are whether either petitioner is entitled to: (1) A dependency exemption deduction for petitioners' daughter, Diana M. Lautenberger, and (2) a child tax credit for that daughter.

Some of the facts have been stipulated and are so found. When the petitions were filed in these cases, petitioner Jennifer Ann Rogers (Ms. Rogers) resided in San Francisco, California, and petitioner William R. Lautenberger (Mr. Lautenberger) resided in Pacifica, California.

---

[1]With respect to docket No. 3890-01S, respondent concedes that for taxable year 1998 Ms. Rogers is entitled to: (1) Head of household filing status; (2) a dependency exemption deduction for her daughter, Morgan C. Campbell; (3) a child care credit of $370 with respect to Morgan C. Campbell; and (4) a child tax credit for Morgan C. Campbell.

With respect to docket No. 5511-01S, respondent concedes that for taxable year 1998 Mr. Lautenberger is entitled to: (1) Head of household filing status; (2) a dependency exemption deduction for his son, Alexander P. Lautenberger; and (3) a child tax credit for Alexander P. Lautenberger.

## Background

Petitioners formerly were married but were divorced in 1993. They are the parents of Diana M. Lautenberger (Diana) and other children. Petitioners have been subject to various custody orders concerning their children. The custody order in effect during 1998 provided for joint custody of Diana with physical custody split equally between petitioners on a weekly basis. With occasional exceptions, during 1998 Diana spent alternate weeks with each of her parents.

On their 1998 Federal income tax returns, both petitioners claimed Diana as a dependent and both claimed a child tax credit with respect to her. Respondent determined deficiencies in both petitioners' 1998 Federal income taxes. At the request of respondent, the cases have been consolidated to assure that our decisions are consistent.

## Discussion

Section 151(c) allows an individual taxpayer to deduct an exemption amount for each dependent as defined in section 152 in computing taxable income. Under section 152(a), the term "dependent" means certain individuals, including a son or daughter of the taxpayer, over half of whose support was received from the taxpayer (or is treated under subsection (c) or (e), concerning multiple support or divorce situations, as received from the taxpayer) during the calendar year in which the taxable

year of the taxpayer begins.

Generally, if a child's parents are divorced, the child is in the custody of one or both for the year, and the parents provide over half of the child's support, the custodial parent (the parent with custody for the greater portion of the year) is treated as having provided over half of the child's support for the year, and he or she may deduct the exemption amount with respect to such child for the year. Sec. 152(e)(1). The applicable regulations provide that "In the event of so-called 'split' custody, * * * 'custody' will be deemed to be with the parent who, as between both parents, has the physical custody of the child for the greater portion of the calendar year." Sec. 1.152-4(b), Income Tax Regs.

Under section 24(a), a taxpayer is allowed a $400 credit for each qualifying child. For purposes of section 24, a taxpayer's child is a qualifying child only if the taxpayer is allowed a dependency exemption deduction for the child under section 151. Sec. 24(c)(1). Here, if either petitioner is entitled to a dependency exemption deduction for Diana, that petitioner is also entitled to a child tax credit with respect to her.

Mr. Lautenberger argues that during 1998 he had physical custody of Diana for 187 days, while Ms. Rogers had physical custody of Diana for only 178 days. Mr. Lautenberger argues that the difference in the number of days is attributable to a

vacation that he took with Diana during July of 1998. The vacation occurred during a period of time that Diana otherwise would have spent with Ms. Rogers. In Mr. Lautenberger's words, "Jennifer and I * * * each had custody an equal amount of time, other than that week, which put Diana in my custody more than 50 percent, more than 183 days of the year." Mr. Lautenberger submitted into evidence a chart he created listing the days that Diana spent with him and the days that Diana spent with Ms. Rogers during 1998. He also submitted two diaries that he allegedly maintained contemporaneously that included notations about the number of children that lived with him during any given week.

The evidence submitted by Mr. Lautenberger in support of his claim is unconvincing and generally is self-serving and not credible. The chart showing which days of 1998 Diana spent with each petitioner was compiled by Mr. Lautenberger one day before trial (Feb. 5, 2002). The chart, therefore, is nothing more than a summary of his contentions. Mr. Lautenberger's diaries fail to show that Diana spent a greater portion of the year with him than with Ms. Rogers. The diaries contain a "0", "2", or "4" on the first page for each week, purportedly indicating how many children lived with Mr. Lautenberger during that week. The diaries do not indicate which of the children the numbers refer to, nor do they indicate which of the children or how many

children lived with Mr. Lautenberger on any particular day of the week.  It is also not clear whether the numerical notations were contemporaneously made.  The vast majority of the entries in the diaries were written in ink, but the numerical notations indicating how many children lived with Mr. Lautenberger each week were written in pencil.  Mr. Lautenberger admitted that he had no independent memory of where Diana was during each day of 1998.  He also explained that the notations in his diary regularly were used as a planning tool so that he could mark in advance the children that probably would be with him for a month and schedule his time accordingly.

Ms. Rogers does not dispute that Diana went on a vacation with Mr. Lautenberger during a week that Diana otherwise would have spent with her.  She argues, however, that it is simply impossible to ascertain which of the two of them had physical custody of Diana for the greater portion of the year.

Although Diana regularly alternated between petitioners on a weekly basis during 1998, the parties did not rigidly enforce compliance with the custody order.  Mr. Lautenberger testified that "We have an agreement for a week on and a week off, so we can say that most weeks generally are going back and forth."  Ms. Rogers testified that Diana generally spent one week at a time with each petitioner, but that exceptions were made.  Ms. Rogers stated:

> William and I share custody exactly 50/50. * * *
> However, I don't think that there's any way that anyone
> can document the amount of time that each child was in
> the house.
>
> It's not the intention of shared custody to try to
> finagle a tax exemption out of it, or else we would be
> marking every single minute that the child was in one
> house or the other.
>
> Diana goes to school in San Francisco, and I live
> in San Francisco, so she often stops by at other times
> in my house. I've picked her up when she's sick, and
> of course I'm going to let her go on vacation with her
> father, because that's to her benefit to have a
> vacation with her father, and as I mentioned, * * * he
> documented what he believes was his calendar, but he
> has no way of documenting my calendar or of knowing
> Diana's whereabouts at every minute when she's 14 years
> old.
>
> So it completely defeats the purpose of a shared
> custody. It's for Diana's benefit. It's not to try
> and manipulate it in order to get a tax exemption, and
> I think it's ridiculous for him to even introduce that
> idea.

Ms. Rogers further stated "My position is that * * * she was with us equally".

Ms. Rogers' testimony was delivered in a convincing manner, obviously without regard to tax consequences, and we believe her testimony. Mr. Lautenberger's testimony was not delivered in a convincing manner, and his documentary evidence is not convincing.

These consolidated cases cried out for some reasonable settlement between petitioners, particularly since respondent is merely a disinterested stakeholder concerned only that the dependency exemption and the child tax credit not be taken twice for the same child. Petitioners did not take that route despite

many suggestions that they do so. They insisted on decision by the Court on this record.

On the record presented to the Court, it would be sheer unguided guesswork for the Court to find that Diana spent more than half of 1998 with either petitioner. One petitioner, Ms. Rogers, has testified convincingly that Diana spent half her time with each petitioner. On this record we agree with Ms. Rogers and conclude that during 1998 Diana did not spend more than half her time with either parent but spent half her time with each. Consequently we hold that neither petitioner is entitled to a deduction for the exemption amount with respect to Diana for 1998, and neither petitioner is entitled to a child tax credit with respect to Diana for 1998.

Reviewed and adopted as the report of the Small Tax Case Division.

Decisions will be entered under Rule 155.